DA 12-0568

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2013 MT 109N

LOREN ELLISON,

      Plaintiff and Appellant,

    v.

LAURENCE LARSON,

      Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixth Judicial District,<br>In and For the County of Sweet Grass, Cause No. DV 09-42<br>Honorable Wm. Nels Swandal, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Paula Saye-Dooper, Saye Law, PLLC, Billings, Montana

      For Appellee:

          James B. Lippert, Attorney at Law, Big Timber, Montana

Submitted on Briefs:  March 27, 2013

Decided:  April 23, 2013

Filed:

_____
                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Loren Ellison (Ellison) sued Laurence Larson (Larson) for damages arising out of an alleged breach of contract. The District Court granted summary judgment to Larson. We affirm.

¶3      On October 12, 2007, Larson and Ellison entered into a "Quarry Agreement" (Agreement) which authorized Ellison to excavate, quarry, and remove rock from Larson's property, subject to an agreed per pound royalty. The Agreement contained eight (8) paragraphs, but the pertinent provisions of the Agreement state as follows:

> This Agreement will be for a term of two years and may be renewed for a like time under similar terms and conditions subject to negotiation of royalty payments. (Paragraph 4)

> Either party may terminate this Agreement upon 90 days written notice to the other. (Paragraph 6)

The concluding paragraph of the Agreement states:

> THIS AMENDMENT contains the entire agreement between the parties, and may be modified or terminated only by written agreement of the parties, or their successors in interest.

¶4      Ellison commenced his excavation activities and in the process discovered a quantity of sandstone containing valuable dinosaur footprints. On October 7, 2009, Larson, through

2

his attorney, notified Ellison, in writing, that pursuant to paragraph 6 of the Agreement he was "terminating the [A]greement." In November 2009, Ellison sued Larson for damages, asserting five theories of recovery: breach of contract, intentional interference with prospective economic advantage, intentional interference with contractual relations, breach of the covenant of good faith and fair dealing, and civil conspiracy. Ellison was later allowed to amend his complaint to assert an additional claim based on intentional and/or negligent misrepresentation.

¶5 Larson answered both complaints and moved for summary judgment on all of Ellison's causes of action. The District Court granted the motion on the grounds that the Agreement was unambiguous regarding the right of either party to terminate the Agreement upon 90 days notice to the other, and that Larson lawfully exercised his right to terminate the Agreement. Thereafter, Ellison appealed to this Court requesting that we reverse the lower court's decision because the Agreement is ambiguous and Ellison should be allowed a trial on the merits.

¶6 This Court reviews a district court's decision on summary judgment using the same standards as the district court under M. R. Civ. P. 56. Accordingly, a moving party is entitled to summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wagner v. Woodward*, 2012 MT 19, ¶ 16, 363 Mont. 403, 270 P.3d 21. We agree with the District Court that there are no genuine issues of material fact in this matter that would preclude summary judgment. The Agreement states very clearly that it "may" be renewed—renewal is not automatic—and that

3

it may be terminated "upon 90 days written notice." Larson elected not to renew the Agreement and provided written notice of termination in compliance with the Agreement. To the extent the final paragraph could be read to require written consent of the parties for termination of the Agreement, such a requirement would be inconsistent with the remainder of the Agreement and the parties' clearly expressed intentions therein and must be rejected. Section 28-3-503, MCA.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are controlled by the terms of the parties' Agreement, statutes and case law, all of which the District Court correctly interpreted and applied.

¶8 Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS